**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JEAN E. OSCAR,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:22-1636** |
| **v.** | : | **(JUDGE MANNION)** |
| **UNITED STATES, *et al*.,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

## I. Background

Plaintiff, Jean E. Oscar, an inmate confined in the Federal Correctional Complex, Coleman, Florida, filed the above caption Bivens[1] action pursuant to 28 U.S.C. §1331, alleging that he is falsely imprisoned. (Doc. 1). The named Defendants are the United States of America and the Social Security Commissioner. Id. Along with his complaint, the Plaintiff filed an application for leave to proceed *in forma pauperis*. (Doc. 3).

At this time, the Court must review the complaint pursuant to 28 U.S.C. §1915(e)(2)(B) and 28 U.S.C. §1915A(a) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which

[1] Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).

relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the Court will grant Plaintiff's application for leave to proceed *in forma pauperis* and the complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

## II. Legal Standard

### A. Screening and Dismissal of Prisoner Complaints

Under 28 U.S.C. §1915A, federal district courts must "review ... a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. §1915A(a). If a complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," the Court must dismiss the complaint. See 28 U.S.C. §1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding *in forma pauperis* and prisoners challenging prison conditions. See 28 U.S.C. §1915(e)(2)(B) ("[T]he court shall dismiss the case at any time if the court determines that ... the action or appeal ... is frivolous or malicious [or] fails to state a claim on which relief may be granted...."); 42 U.S.C. §1997e(c)(1) ("The Court shall on its own motion or on the motion of a party dismiss any

action brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted.").

A complaint is frivolous if it lacks an arguable basis either in law or fact. See Mitchell v. Horn, 381 F.3d 523, 530 (3d Cir. 2003) (citing Neitzke v. Williams, 490 U.S. 319, 327-28 (1989)). When deciding whether a complaint fails to state a claim on which relief may be granted, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under §1915A(b)(1), §1915(e)(2)(B)(ii), or §1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to §1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v.

UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.' " Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the plausibility of a complaint, the court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. See Iqbal, 556 U.S. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). However, the court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained

in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the specific context of *pro se* prisoner litigation, a district court must be mindful that a document filed *pro se* is "to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle, 429 U.S. at 106) (internal quotation marks omitted).

**B. Bivens Claims**

A Bivens civil rights action asserted under 28 U.S.C. §1331 is evaluated using the same standards applicable to a 42 U.S.C. §1983 civil rights action. See Paton v. LaPrade, 524 F.2d 862, 871 (3d Cir. 1975); Veteto v. Miller, 829 F. Supp. 1486, 1492 (M.D. Pa. 1992). To state a claim under Bivens, a plaintiff must allege that he was deprived of a federal right by a person acting under color of federal law. See Young v. Keohane, 809 F. Supp. 1185, 1199 (M.D. Pa. 1992).

## III. Factual Allegations

Plaintiff's complaint states in toto:

> Inmate Jean E. Oscar was enjoying his liberty till United States Attorney Corporal Punishment by imprisonment that inflicted

> bodily injuries by forfeiture his life, liberty, assets, estate and property for violating 18 U.S.C. §922(g)(1) statutes when it's illegal and unconstitutional vague because 18 U.S.C. 922(g)(1) statute violate his 9th Amendment to 2nd Amendment when Oscar's have the right to bear arm firearm to protect his well being and his family from intruders in his community that hold dangerous people who carry guns too. Plus, Florida law automatically restore inmate Jean E. Oscar civil rights when he complete his state sentence for those convictions. Therefore, the United States Attorney illegally use those convictions in violation of his civil rights which his federal sentence is unconstitutional vague that result false imprisonment and entrapment.

(Doc. 1 at 5). For relief, Plaintiff seeks compensatory and punitive damages. Id.

## IV. Discussion

When a prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). "Conversely, when the challenge is to a condition of confinement such that a finding in [the] plaintiff's favor would not alter his sentence or undo his conviction," a civil rights action is appropriate. Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002). "Motions pursuant to 28 U.S.C. §2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the

Constitution," although 28 U.S.C. §2241 may be used when the remedy under §2255 is "inadequate or ineffective." Okerere v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Here, Plaintiff cannot circumvent §2255 "by bringing an independent civil action." Beverly v. Reno, 23 F.3d 158, 159 (7th Cir. 1994); see also Ziglar v. Abbasi, 137 S. Ct. 1843, 1863 (2017) ("[W]hen alternative methods of relief are available, a Bivens remedy usually is not.").

Moreover, the Supreme Court has held that "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). "Although Heck involved a §1983 action by a state prisoner, the reasoning in Heck has been applied to bar Bivens claims." Lora-Pena v. F.B.I., 529 F.3d 503, 506 n.2 (3d Cir. 2008). Here, success on Plaintiff's claims that his "federal sentence is unconstitutional vague" and the result of "false imprisonment and entrapment," would necessarily undermine the validity of his conviction and sentence. Accordingly, his claims for damages are barred

by Heck. See Garrett v. United States, 771 F. App'x 139, 141 (3d Cir. 2019); Stuler v. United States, 301 F. App'x 104, 106 (3d Cir. 2008).

Accordingly, Plaintiff's claims challenging his conviction and sentence will be dismissed without prejudice. To the extent that Plaintiff wishes to challenge the execution of his sentence, he must file a separate petition for writ of habeas corpus pursuant to 28 U.S.C. §2255.

## V. Leave to Amend

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §1915A, the Court must grant a plaintiff leave to amend the complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hospital, 293 F.3d 103, 114 (3d Cir. 2002). Because Plaintiff's claim for relief is not cognizable in a complaint brought pursuant to 42 U.S.C. §1983, and instead must be brought as a separate petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, granting leave to amend would be futile. Thus, the Court will dismiss the Plaintiff's §1331 claims without leave to amend.

## VI. Conclusion

For the foregoing reasons, the Court will grant Plaintiff's application to proceed *in forma pauperis* and dismiss the complaint without prejudice for failure to state a claim upon which relief may be granted.

A separate Order shall issue.

s/ Malachy E. Mannion
**MALACHY E. MANNION**
**United States District Judge**

**DATE: December 29, 2022**
22-1636-01